

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2005

# Bullock v. Doe

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3985

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bullock v. Doe" (2005). *2005 Decisions*. Paper 239.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/239

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-21                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3985
_____

MONROE E. BULLOCK,

Appellant

v.

JOHN DOE; MICHAEL E. KUNZ


_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-6026)
District Judge: Honorable John P. Fullam
_____


Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
October 20, 2005

Before:  SLOVITER, MCKEE AND FISHER, Circuit Judges.

(Filed November 9, 2005 )


_____

OPINION
_____

PER CURIAM

Monroe Bullock appeals the order of the District Court for the Eastern District of

Pennsylvania dismissing his civil rights complaint. In his complaint, Bullock alleged that he filed a motion to supplement a Rule 60(b) motion he had filed in his criminal proceeding in the District Court (Judge Kelly).[1] The District Court denied the motion without prejudice for failure to file a certificate of service. Bullock alleged that John Doe, a deputy clerk, failed to refile the motion when Bullock filed the certificate of service. Bullock stated that John Doe told him that the refiled motion had been sent directly to the judge's chambers. The District Court denied the Rule 60(b) motion. Bullock also alleged that Michael Kunz, Clerk of the District Court, was in charge of supervising the deputy clerks. Bullock alleged that the actions of the appellees violated his right of access to the courts, due process, and equal protection. The District Court (Judge Fullam) dismissed the civil rights action as legally frivolous. Bullock filed a motion to amend the judgment which the District Court denied. Bullock filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

Because Bullock is proceeding in forma pauperis on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915 (e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual

---

[1] Bullock had already filed a direct appeal from his conviction and sentence, a § 2255 motion, and an application to file a second or successive § 2255 motion. Recently, he filed a mandamus petition challenging his sentence which this Court denied.

reasons.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  Because the District Court in Bullock's criminal case ruled on his motions, we agree with the District Court that Bullock's complaint was legally frivolous.  Moreover, we note that according to the docket for his criminal proceeding, Bullock filed a motion to amend the District Court's order denying the Rule 60(b) motion at issue.  Thus, he had the opportunity to raise any concerns he had about what pleadings were before the District Court.  Furthermore, we note that Bullock did not appeal the District Court's order.  Accordingly, we will dismiss the appeal as frivolous.